IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MEMTECH LLC | Civil Action No. _____ |
| v. | |
| ANALOG DEVICES, INC.;<br>DENSO INTERNATIONAL AMERICA, INC.;<br>DIGI-KEY CORPORATION;<br>DIGI-KEY INTERNATIONAL SALES<br>   CORPORATION;<br>FREESCALE SEMICONDUCTOR, INC.;<br>KIONIX, INC.;<br>SONY COMPUTER ENTERTAINMENT<br>  AMERICA INC.;<br>SONY COMPUTER ENTERTAINMENT<br>  AMERICA LLC;<br>TOYOTA MOTOR NORTH AMERICA, INC.;<br>TOYOTA MOTOR SALES, USA, INC.; and<br>VTI TECHNOLOGIES, INC. | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which MEMTech LLC submits this Complaint against Analog Devices, Inc.; DENSO International America, Inc.; Digi-Key Corporation; Digi-Key International Sales Corporation; Freescale Semiconductor, Inc.; Kionix, Inc.; Sony Computer Entertainment America Inc.; Sony Computer Entertainment America LLC; Toyota Motor North America, Inc.; Toyota Motor Sales, USA, Inc.; and VTI Technologies, Inc. (collectively "Defendants").

## PARTIES

1.      MEMTech LLC ("MEMTech" or "Plaintiff") is a Texas limited liability company with a place of business at 6136 Frisco Square Blvd., Suite 383, Frisco, TX 75034.

2.      On information and belief, Analog Devices, Inc. ("Analog Devices") is a Massachusetts corporation with a place of business at One Technology Way, Norwood, MA 02062.  On information and belief, Analog Devices may be served via its registered agent, C T Corporation System, which has an address at 155 Federal Street, Ste 700, Boston, MA  02110.

3.      On information and belief, DENSO International America, Inc. ("DENSO America") is a Delaware corporation with a place of business at 24777 Denso Dr., Southfield, MI 48033-5244.  On information and belief, DENSO America may be served via its registered agent, Corporation Service Company D/B/A CSC Lawyers Incorporating Company, which has an address at 211 E. 7th Street, Suite 620, Austin, TX  78701.

4.      On information and belief, Digi-Key Corporation ("Digi-Key Corp.") is a Minnesota corporation with a place of business at 701 Brooks Avenue South, Thief River Falls, MN  56701.  Digi-Key Corporation may be served with process by serving its Chief Executive Officer, Ronald A. Stordahl, at 701 Brooks Avenue South, Thief River Falls, MN  56701.

5.      On information and belief, Digi-Key International Sales Corporation ("Digi-Key International") is a Minnesota corporation with a place of business at 701 Brooks Avenue South, Thief River Falls, MN  56701.  Digi-Key International may be served with process by serving its Chief Executive Officer, Ronald A. Stordahl, at 701 Brooks Avenue South, Thief River Falls, MN  56701.  Digi-Key Corp. and Digi-Key International will be collectively referred to as the "Digi-Key Defendants."

6.      On information and belief, Freescale Semiconductor, Inc.. ("Freescale") is a Delaware corporation with a place of business at 6501 West William Cannon Drive, Austin, TX  78735.  On information and belief, Freescale may be served via its registered agent,

Corporation Service Company D/B/A CSC Lawyers Incorporating Company, which has an address at 211 E. 7th Street, Suite 620, Austin, TX  78701.

7.      On information and belief, Kionix, Inc. ("Kionix") is a Delaware corporation with a place of business at 36 Thornwood Drive, Ithaca, NY  14850.  On information and belief, Kionix may be served via its registered agent, The Corporation Trust Company, which has an address at Corporation Trust Center, 1209 Orange Street, Wilmington, DE  19801.

8.      On information and belief, Sony Computer Entertainment America Inc.; ("Sony Inc.") is a Delaware corporation with a principal place of business at 919 E. Hillsdale Blvd., 2d Floor, Foster City, CA  94404.  On information and belief, Sony Inc. may be served via its registered agent, Corporation Service Company, which has an address at 2711 Centerville Road, Suite 400, Wilmington, DE  19808.

9.      On information and belief, Sony Computer Entertainment America LLC.; ("Sony LLC") is a Delaware limited liability company with a principal place of business at 919 E. Hillsdale Blvd., 2d Floor, Foster City, CA  94404.  On information and belief, Sony LLC may be served via its registered agent, Corporation Service Company, which has an address at 2711 Centerville Road, Suite 400, Wilmington, DE  19808.  Sony Inc and Sony LLC will be collectively referred to as "Sony."

10.      On information and belief, Toyota Motor North America, Inc. ("Toyota NA") is a California corporation having its principal place of business at 19001 South Western Avenue, Torrance, CA  90501.  On information and belief, Toyota NA may be served via its registered agent CT Corporation System, which has an address at 818 West 7th Street, Los Angeles, CA  90017.

11.     On information and belief, Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota USA") is a California corporation having its principal place of business at 19001 South Western Avenue, Torrance, CA 90501.   On information and belief, Toyota USA may be served via its registered agent CT Corporation System, which has an address at 818 West 7th Street, Los Angeles, CA 90017.   Toyota NA and Toyota USA will collectively referred to as the "Toyota."

12.     On information and belief, VTI Technologies, Inc. ("VTI") is a Delaware corporation with a place of business at 70 South Lake Ave., 10th Floor, Pasadena, CA 91101.   On information and belief, VTI Inc. may be served via its registered agent, National Registered Agents, Inc., which has an address at 160 Greentree Drive, Suite 101, Dover, DE 19904.

## JURISDICTION AND VENUE

13.     This action arises under the patent laws of the United States, Title 35 of the United States Code.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).   On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein.   On information and belief, within this district Defendants, directly and/or through intermediaries, have advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or have induced the sale and use of infringing products.   Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods provided in Texas.

14.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed

at least a portion of the infringements at issue in this case.  Without limitation, on information and belief, within this district Defendants, directly and/or through intermediaries, have advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or have induced the sale and use of infringing products.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,677,560

15.     United    States    Patent    No.    5,677,560    ("the '560 patent"),    entitled "Micromechanical Component and Process for the Fabrication Thereof," was duly and legally issued on October 14, 1997.

16.     MEMTech is the present assignee of the entire right, title and interest in and to the '560 patent, including all rights to sue for past and present infringement.  Accordingly, MEMTech has standing to bring this lawsuit for infringement of the '560 patent.

17.     Upon    information    and    belief,    all    named    Defendants    have    infringed the '560 patent, more specifically as follows:

18.     On information and belief, Defendant Analog Devices has been and now is directly infringing the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, at least by making, using, selling, offering to sell and/or importing micromechanical components comprising a one piece semiconductor substrate of a carrier and a deformable element of a flat design disposed opposite and parallel to a surface of said carrier, said carrier and said deformable element being electrically insulated from one another within said one piece semiconductor substrate, and said deformable element being provided with a mechano-electric signal converter, and/or by practicing the process of fabricating a micromechanical component, comprising the steps of forming a one piece semiconductor

substrate with a carrier and a deformable element of flat design disposed opposite and parallel to a surface of the carrier so that the carrier and the deformable element are electrically insulated from one another within the one piece semiconductor substrate.

19.     Moreover, on information and belief, Defendant Analog Devices has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing micromechanical components to users and resellers, including customers and/or end users, who directly infringe the '560 patent.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '560 patent, at least through becoming aware of this Complaint.

20.     Upon present information and belief, Defendant Analog Devices's infringing methods, products and/or systems comprise at least its ADXL950 iMEMS® accelerometer.

21.     Defendant Analog Devices is thus liable for infringement of the '560 patent pursuant to 35 U.S.C. § 271.

22.     On information and belief, Defendant DENSO America has been and now is directly infringing the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, at least by making, using, selling, offering to sell and/or importing micromechanical components comprising a one piece semiconductor substrate of a carrier and a deformable element of a flat design disposed opposite and parallel to a surface of said carrier, said carrier and said deformable element being electrically insulated from one another within said one piece semiconductor substrate, and said deformable element being provided with a mechano-electric signal converter, and/or by practicing the process of fabricating a micromechanical component, comprising the steps of forming a one piece semiconductor

6

substrate with a carrier and a deformable element of flat design disposed opposite and parallel to a surface of the carrier so that the carrier and the deformable element are electrically insulated from one another within the one piece semiconductor substrate.

23.     Moreover, on information and belief, Defendant DENSO America has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing micromechanical components to users and resellers, including customers and/or end users, who directly infringe the '560 patent.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '560 patent, at least through becoming aware of this Complaint.

24.     Upon present information and belief, Defendant DENSO America's infringing methods, products and/or systems comprise at least its "D NQ LA" accelerometer supplied to Toyota Corporation and used by Toyota Corporation in the airbag control module of Toyota Corporation's 2010 Prius.

25.     Defendant DENSO America is thus liable for infringement of the '560 patent pursuant to 35 U.S.C. § 271.

26.     On information and belief, the Digi-Key Defendants have been and now are directly infringing the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, at least by using, selling, offering to sell and/or importing micromechanical components comprising a one piece semiconductor substrate of a carrier and a deformable element of a flat design disposed opposite and parallel to a surface of said carrier, said carrier and said deformable element being electrically insulated from one another within said one piece

semiconductor substrate, and said deformable element being provided with a mechano-electric signal converter.

27.     Moreover, on information and belief, the Digi-Key Defendants have been and now are indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing micromechanical components to users and resellers, including customers and/or end users, who directly infringe the '560 patent.  Upon information and belief, such induced and/or contributory infringement has occurred at least since these Defendants became aware of the '560 patent, at least through becoming aware of this Complaint.

28.     Upon present information and belief, the Digi-Key Defendants' infringing products and/or systems comprise at least the Freescale MMA6222AEG accelerometer and the VTI CMA3000-D01 accelerometer, referenced *infra*.

29.     The Digi-Key Defendants are thus liable for infringement of the '560 patent pursuant to 35 U.S.C. § 271.

30.     On information and belief, Defendant Freescale has been and now is directly infringing the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, at least by making, using, selling, offering to sell and/or importing micromechanical components comprising a one piece semiconductor substrate of a carrier and a deformable element of a flat design disposed opposite and parallel to a surface of said carrier, said carrier and said deformable element being electrically insulated from one another within said one piece semiconductor substrate, and said deformable element being provided with a mechano-electric signal converter, and/or by practicing the process of fabricating a

micromechanical component, comprising the steps of forming a one piece semiconductor substrate with a carrier and a deformable element of flat design disposed opposite and parallel to a surface of the carrier so that the carrier and the deformable element are electrically insulated from one another within the one piece semiconductor substrate.

31.     Moreover, on information and belief, Defendant Freescale has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing micromechanical components to users and resellers, including customers and/or end users, who directly infringe the '560 patent.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '560 patent, at least through becoming aware of this Complaint.

32.     Upon present information and belief, Defendant Freescale's infringing methods, products and/or systems comprise at least its MMA6222AEG accelerometer.

33.     Defendant Freescale is thus liable for infringement of the '560 patent pursuant to 35 U.S.C. § 271.

34.     On information and belief, Defendant Kionix has been and now is directly infringing the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, at least by making, using, selling, offering to sell and/or importing micromechanical components comprising a one piece semiconductor substrate of a carrier and a deformable element of a flat design disposed opposite and parallel to a surface of said carrier, said carrier and said deformable element being electrically insulated from one another within said one piece semiconductor substrate, and said deformable element being provided with a mechano-electric signal converter, and/or by practicing the process of fabricating a

9

micromechanical component, comprising the steps of forming a one piece semiconductor substrate with a carrier and a deformable element of flat design disposed opposite and parallel to a surface of the carrier so that the carrier and the deformable element are electrically insulated from one another within the one piece semiconductor substrate.

35.     Moreover, on information and belief, Defendant Kionix has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing micromechanical components to users and resellers, including customers and/or end users, who directly infringe the '560 patent.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '560 patent, at least through becoming aware of this Complaint.

36.     Upon present information and belief, Defendant Kionix's infringing methods, products and/or systems comprise at least its KXSC4 accelerometer.

37.     Defendant Kionix is thus liable for infringement of the '560 patent pursuant to 35 U.S.C. § 271.

38.     On information and belief, Defendant Sony has been and now is directly infringing the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, at least by using, selling, offering to sell and/or importing micromechanical components comprising a one piece semiconductor substrate of a carrier and a deformable element of a flat design disposed opposite and parallel to a surface of said carrier, said carrier and said deformable element being electrically insulated from one another within said one piece semiconductor substrate, and said deformable element being provided with a mechano-electric signal converter.

39.     Moreover, on information and belief, Defendant Sony has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing micromechanical components to users, including customers and/or end users, who directly infringe the '560 patent.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '560 patent, at least through becoming aware of this Complaint.

40.     Upon present information and belief, Defendant Sony's infringing products and/or systems comprise at least its DUALSHOCK®3 wireless controller for its PlayStation 3 system, which includes the Kionix KXSC4 accelerometer referenced *supra*.

41.     Defendant Sony is thus liable for infringement of the '560 patent pursuant to 35 U.S.C. § 271.

42.     On information and belief, Defendant Toyota has been and now is directly infringing the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, at least by using, selling, offering to sell and/or importing micromechanical components comprising a one piece semiconductor substrate of a carrier and a deformable element of a flat design disposed opposite and parallel to a surface of said carrier, said carrier and said deformable element being electrically insulated from one another within said one piece semiconductor substrate, and said deformable element being provided with a mechano-electric signal converter.

43.     Moreover, on information and belief, Defendant Toyota has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '560 patent in the State of Texas, in this Judicial District, and elsewhere in

the United States, including by providing micromechanical components to users and resellers, including customers and/or end users, who directly infringe the '560 patent.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '560 patent, at least through becoming aware of this Complaint.

44.     Upon present information and belief, Defendant Toyota's infringing products and/or systems comprise at least its 2010 Prius, which includes an airbag control module comprising the DENSO "D NQ LA" accelerometer referenced *supra*.

45.     Defendant Toyota is thus liable for infringement of the '560 patent pursuant to 35 U.S.C. § 271.

46.     On information and belief, Defendant VTI has been and now is directly infringing the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, at least by making, using, selling, offering to sell and/or importing micromechanical components comprising a one piece semiconductor substrate of a carrier and a deformable element of a flat design disposed opposite and parallel to a surface of said carrier, said carrier and said deformable element being electrically insulated from one another within said one piece semiconductor substrate, and said deformable element being provided with a mechano-electric signal converter, and/or by practicing the process of fabricating a micromechanical component, comprising the steps of forming a one piece semiconductor substrate with a carrier and a deformable element of flat design disposed opposite and parallel to a surface of the carrier so that the carrier and the deformable element are electrically insulated from one another within the one piece semiconductor substrate.

47.     Moreover, on information and belief, Defendant VTI has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the

infringement of the '560 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing micromechanical components to users and resellers, including customers and/or end users, who directly infringe the '560 patent.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '560 patent, at least through becoming aware of this Complaint.

48.     Upon present information and belief, Defendant VTI's infringing methods, products and/or systems comprise at least its CMA3000-D01 accelerometer.

49.     Defendant VTI is thus liable for infringement of the '560 patent pursuant to 35 U.S.C. § 271.

50.     As a result of Defendants' infringing conduct, Defendants have damaged MEMTech. Defendants are liable to MEMTech in an amount that adequately compensates MEMTech for their infringement, which, by law, can be no less than a reasonable royalty.

51.     MEMTech intends to seek discovery on the issue of willfulness, and it reserves the right to seek a willfulness finding relative to pre-suit infringement.  Further, to the extent that any Defendant who was previously unaware of the '560 patent continues to infringe during the pendency of this suit, such infringement may likely be objectively reckless, and thus willful.

52.     On information and belief, all Defendants have at least had constructive notice of the '560 patent by operation of law, and MEMTech and any predecessors-in-interest have complied with any marking requirements of 35 U.S.C. § 287 to the extent required by law.

53.     As a consequence of these Defendants' infringement, MEMTech has been irreparably damaged and such damage will continue without the issuance of an injunction from this Court.

## PRAYER FOR RELIEF

WHEREFORE, MEMTech respectfully requests that this Court enter:

1.      A judgment in favor of MEMTech that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '560 patent.

2.      A judgment finding that such infringement has been and/or is willful and objectively reckless;

3.      A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '560 patent.

4.      A judgment and order requiring Defendants to pay MEMTech its damages, costs, expenses, and prejudgment and post-judgment interest for their respective infringements of the '560 patent, as provided under 35 U.S.C. § 284;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to MEMTech its reasonable attorneys' fees; and

6.      Any and all other relief to which MEMTech may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

January 14, 2011                          Respectfully submitted,

                                          MEMTECH LLC

                                          By: /s/  Henry Pogorzelski
                                          Henry M. Pogorzelski– LEAD COUNSEL
                                          Texas Bar No. 24007852
                                          Michael J. Collins
                                          Texas Bar No. 04614510
                                          John J. Edmonds
                                          Texas Bar No. 00789758
                                          Andrew P. Tower
                                          Texas Bar No. 786291
                                          Steve Schlather
                                          Texas Bar No. 24007993
                                          COLLINS, EDMONDS & POGORZELSKI, PLLC
                                          1616 S. Voss Road, Suite 125
                                          Houston, Texas 77057
                                          Telephone: (281) 501-3425
                                          Facsimile: (832) 415-2535
                                          hpogorzelski@cepiplaw.com
                                          mcollins@cepiplaw.com
                                          jedmonds@cepiplaw.com
                                          atower@cepiplaw.com
                                          sschlather@cepiplaw.com


                                          Melissa R. Smith
                                          Texas State Bar No. 24001351
                                          GILLAM & SMITH
                                          303 S. Washington Ave.
                                          Marshall, Texas 75670
                                          Telephone: (903) 934-8450
                                          Fax: (903) 934-9257
                                          Melissa@gillamsmithlaw.com

                                          ATTORNEYS FOR PLAINTIFF
                                          MEMTECH LLC